William P. Deni, Jr.
Charles H. Chevalier
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BAUSCH HEALTH US, LLC f/k/a VALEANT PHARMACEUTICALS NORTH AMERICA LLC; BAUSCH HEALTH IRELAND LIMITED f/k/a VALEANT PHARMACEUTICALS IRELAND LTD.; BAUSCH HEALTH AMERICAS, INC. f/k/a VALEANT PHARMACEUTICALS INTERNATIONAL; and KAKEN PHARMACEUTICAL CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> TARO PHARMACEUTICALS U.S.A., INC.; TARO PHARMACEUTICALS INC.; and TARO PHARMACEUTICAL INDUSTRIES LTD., <br><br> Defendants. | Civil Action No. 20-2747 <br><br> *Document Electronically Filed* |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Bausch Health US, LLC ("Bausch," formerly known as Valeant Pharmaceuticals

North America LLC), Bausch Pharmaceuticals Ireland Ltd. ("Bausch Ireland," formerly known as

Valeant Pharmaceuticals Ireland Ltd.), and Bausch Health Americas, Inc. ("Bausch Americas,"

formerly known as Valeant Pharmaceuticals International), and Kaken Pharmaceutical Co., Ltd.

("Kaken") (collectively, "Plaintiffs") by way of this Complaint against Taro Pharmaceuticals

1

U.S.A., Inc. ("Taro USA"), Taro Pharmaceuticals Inc. ("Taro Canada"), and Taro Pharmaceutical Industries Ltd. ("Taro Ltd.") (collectively, "Taro") allege as follows:

## THE PARTIES

1.      Plaintiff Bausch is a limited liability company organized and existing under the laws of Delaware having its principal place of business at 400 Somerset Corporate Boulevard, Bridgewater, New Jersey 08807.

2.      Plaintiff Bausch Ireland is a company existing under the laws of Ireland having an office at 3013 Lake Drive, Citywest Business Campus, Dublin 24, Ireland.

3.      Plaintiff Bausch Americas is a corporation organized and existing under the laws of Delaware, having its principal place of business at 400 Somerset Corporate Boulevard, Bridgewater, New Jersey 08807.

4.      Plaintiff Kaken is a corporation organized and existing under the laws of Japan having its principal place of business at 20th Floor, Bunkyo Green Court, 28-8, Honkomagome 2-chome, Bunkyo-ku, Tokyo 113-8650, Japan.

5.      Upon information and belief, Taro USA is a corporation organized and existing under the laws of New York, having places of business at Three Skyline Drive, Hawthorne, New York, 10532 and 1 Commerce Drive, Cranbury, New Jersey 08512.

6.      Upon information and belief, Taro Canada is a corporation organized and existing under the laws of Canada, having its principal place of business at 130 East Drive, Brampton, Ontario L6T 1C1, Canada.

7.      Upon information and belief, Taro Ltd. is a corporation organized and existing under the laws of Israel, having its principal place of business at 14 Hakitor Street, Haifa Bay, 2624761, Israel.  Upon information and belief, Taro USA is a subsidiary of Taro Ltd.

## NATURE OF THE ACTION

8.      This is an action for infringement of United States Patent Nos. 10,512,640 ("the '640 patent"); 10,342,875 ("the '875 patent"); and 10,478,601 ("the '601 patent") arising under the United States patent laws, Title 35, United States Code, § 100 et seq., including 35 U.S.C. §§ 271 and 281.  This action relates to Taro's filing of an Abbreviated New Drug Application ("ANDA") under section 505(j) of the Federal Food, Drug, and Cosmetic Act ("the Act"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to market its generic efinaconazole topical solution, 10% ("Taro's generic efinaconazole topical solution").[1]

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 2201–02.

10.     Upon information and belief, this court has jurisdiction over Taro USA.  Upon information and belief, Taro USA is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products.  Upon information and belief, Taro USA directly, or indirectly, develops, manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Taro's generic efinaconazole topical solution.  Upon information and belief, Taro purposefully has conducted and continues to conduct business in this judicial district.  Upon information and belief, Taro USA operates and maintains a regular and

---

[1]     A related action against Taro for infringement of United States Patent Nos. 7,214,506 ("the '506 patent"), 8,039,494 ("the '494 patent"), 8,486,978 ("the '978 patent"), 9,302,009 ("the '009 patent"), 9,566,272 ("the '272 patent"), 9,662,394 ("the '394 patent"), 9,861,698 ("the '698 patent"), and 9,877,955 ("the '955 patent") is pending in this District.  *See* No. 3:18-cv-15060 (consolidated into No. 3:18-cv-13635).

established place of business at 1 Commerce Drive, Cranbury, New Jersey 08512. Upon information and belief, Taro USA has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction, including in actions related to the same ANDA at issue in this suit.

11.     Taro has taken the costly, significant step of applying to the FDA for approval to engage in future activities—including the marketing of its generic drugs—that will be purposefully directed at, upon information and belief, the State of New Jersey and elsewhere. Taro's ANDA filings constitute formal acts that reliably indicate plans to engage in marketing of the proposed generic drugs. Upon information and belief, Taro intends to direct sales of its drugs into New Jersey, among other places, once it has the requested FDA approval to market them. Upon information and belief, Taro will engage in marketing of its proposed ANDA products in New Jersey upon approval of its ANDA.

12.     Upon information and belief, this Court has jurisdiction over Taro Canada. Upon information and belief, Taro Canada is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products. Upon information and belief, Taro Canada directly, or indirectly, develops, manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Taro's generic efinaconazole topical solution. Upon information and belief, Taro Canada has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction, including in actions related to the same ANDA at issue in this suit.

13.     Upon information and belief, this Court has jurisdiction over Taro Ltd. Upon information and belief, Taro Ltd. is in the business of, *inter alia*, developing, manufacturing,

4

marketing, importing, and selling pharmaceutical products, including generic drug products.  Upon information and belief, Taro Ltd. directly, or indirectly, develops, manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Taro's generic efinaconazole topical solution.  Upon information and belief, Taro Ltd. purposefully has conducted and continues to conduct business in this judicial district, for example, through its subsidiary Taro USA.  Upon information and belief, Taro Ltd. has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction.

14.     Taro knows or should know that Jublia® is manufactured for Bausch, formerly known as Valeant Pharmaceuticals North America LLC, in Bridgewater, NJ 08807, USA at least because that information is included in the label and prescribing information for Jublia®.

15.     Upon information and belief, venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and (d), and § 1400(b).

16.     Venue is proper against Taro USA because, *inter alia*, it maintains a regular and established place of business in this judicial district.

17.     Venue is proper against Taro Canada, a foreign corporation, in any judicial district that has personal jurisdiction, including in this judicial district.

18.     Venue is proper against Taro Ltd., a foreign corporation, in any judicial district that has personal jurisdiction, including this judicial district.

## **THE PATENTS IN SUIT**

19.     The United States Patent and Trademark Office ("PTO") issued the '640 patent on December 24, 2019.  The '640 patent claims, generally speaking, *inter alia*, methods of treatment of onychomycosis comprising topically applying pharmaceutical formulations including ethanol,

cyclomethicone, diisopropyl adipate, C12-15 alkyl lactate and a triazole antifungal agent. Plaintiffs hold all substantial rights in the '640 patent and have the right to sue for infringement thereof. The '640 patent is valid and enforceable. A copy of the '640 patent is attached hereto as Exhibit A.

20.     The PTO issued the '875 patent on July 9, 2019. The '875 patent claims, generally speaking, *inter alia*, methods of treatment of onychomycosis comprising topically applying pharmaceutical formulations including ethanol, cyclomethicone, diisopropyl adipate, C12-15 alkyl lactate, butylated hydroxytoluene (BHT), a salt of ethylenediaminetetraacetic acid (EDTA), citric acid and a triazole antifungal agent. Plaintiffs hold all substantial rights in the '875 patent and have the right to sue for infringement thereof. The '875 patent is valid and enforceable. A copy of the '875 patent is attached hereto as Exhibit B.

21.     The PTO issued the '601 patent on November 19, 2019. The '601 patent claims, generally speaking, *inter alia*, drug applicators with specific physical characteristics, and methods of using said applicators to treat, among other diseases, tinea unguium (onychomycosis). Plaintiffs hold all substantial rights in the '601 patent and have the right to sue for infringement thereof. The '601 patent is valid and enforceable. A copy of the '601 patent is attached hereto as Exhibit C.

22.     Bausch Americas is the holder of New Drug Application ("NDA") No. 203567 for Jublia®, which the FDA approved on June 6, 2014. In conjunction with NDA No. 203567, the '640, '875 and '601 patents are listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book").

23.     Efinaconazole topical solution, 10% is sold in the United States under the trademark Jublia®.

**TARO'S INFRINGING ANDA SUBMISSION**

24.     Upon information and belief, Taro filed or caused to be filed with the FDA ANDA No. 212211, under Section 505(j) of the Act and 21 U.S.C. § 355(j).

25.     Upon information and belief, Taro's ANDA No. 212211 seeks FDA approval to sell in the United States Taro's generic efinaconazole topical solution, intended to be a generic version of Jublia®.

26.     Upon information and belief, ANDA No. 212211 seeks approval of Taro's generic efinaconazole topical solution that is the same, or substantially the same, as Jublia®.

**COUNT I AGAINST TARO**

**Infringement of the '640 Patent under § 271(e)(2)**

27.     Paragraphs 1–26 are incorporated herein as set forth above.

28.     Under 35 U.S.C. § 271(e)(2), Taro has infringed at least one claim of the '640 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212211 seeking approval for the commercial marketing of Taro's generic efinaconazole topical solution before the expiration date of the '640 patent.

29.     Upon information and belief, Taro's generic efinaconazole topical solution will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the '640 patent.

30.     Upon information and belief, Taro will, through the manufacture, use, import, offer for sale, and/or sale of Taro's generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '640 patent.

31.     If Taro's marketing and sale of its generic efinaconazole topical solution prior to the expiration of the '640 patent is not enjoined, Plaintiffs will suffer substantial and irreparable

7

harm for which there is no adequate remedy at law.

## COUNT II AGAINST TARO

### Declaratory Judgment of Infringement of the '640 Patent

32.    Paragraphs 1–31 are incorporated herein as set forth above.

33.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

34.    There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

35.    Taro has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Taro's generic efinaconazole topical solution before the expiration date of the '640 patent, including Taro's filing of ANDA No. 212211.

36.    Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Taro's generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '640 patent.

37.    Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Taro's generic efinaconazole topical solution will constitute infringement of at least one claim of the '640 patent.

## COUNT III AGAINST TARO

### Infringement of the '875 Patent under § 271(e)(2)

38.    Paragraphs 1–37 are incorporated herein as set forth above.

39.    Under 35 U.S.C. § 271(e)(2), Taro has infringed at least one claim of the '875 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212211 seeking approval

8

for the commercial marketing of Taro's generic efinaconazole topical solution before the expiration date of the '875 patent.

40.    Upon information and belief, Taro's generic efinaconazole topical solution will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the '875 patent.

41.    Upon information and belief, Taro will, through the manufacture, use, import, offer for sale, and/or sale of Taro's generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '875 patent.

42.    If Taro's marketing and sale of its generic efinaconazole topical solution prior to the expiration of the '875 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT IV AGAINST TARO

### Declaratory Judgment of Infringement of the '875 Patent

43.    Paragraphs 1–42 are incorporated herein as set forth above.

44.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

45.    There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

46.    Taro has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Taro's generic efinaconazole topical solution before the expiration date of the '875 patent, including Taro's filing of ANDA No. 212211.

9

47. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Taro's generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '875 patent.

48. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Taro's generic efinaconazole topical solution will constitute infringement of at least one claim of the '875 patent.

## COUNT V AGAINST TARO

### Infringement of the '601 Patent under § 271(e)(2)

49. Paragraphs 1–48 are incorporated herein as set forth above.

50. Under 35 U.S.C. § 271(e)(2), Taro has infringed at least one claim of the '601 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212211 seeking approval for the commercial marketing of Taro's generic efinaconazole topical solution before the expiration date of the '601 patent.

51. Upon information and belief, Taro's generic efinaconazole topical solution will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the '601 patent.

52. Upon information and belief, Taro will, through the manufacture, use, import, offer for sale, and/or sale of Taro's generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '601 patent.

53. If Taro's marketing and sale of its generic efinaconazole topical solution prior to the expiration of the '601 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

10

## COUNT VI AGAINST TARO

### Declaratory Judgment of Infringement of the '601 Patent

54.     Paragraphs 1–53 are incorporated herein as set forth above.

55.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

56.     There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

57.     Taro has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Taro's generic efinaconazole topical solution before the expiration date of the '601 patent, including Taro's filing of ANDA No. 212211.

58.     Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Taro's generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '601 patent.

59.     Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Taro's generic efinaconazole topical solution will constitute infringement of at least one claim of the '601 patent.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor and against Taro on the patent infringement claims set forth above and respectfully request that this Court:

1.      enter judgment that, under 35 U.S.C. § 271(e)(2), Taro has infringed at least one

claim of the '640 patent by submitting or causing to be submitted ANDA No. 212211 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Taro's generic efinaconazole topical solution before the expiration of the '640 patent;

2. enter judgment that, under 35 U.S.C. § 271(e)(2), Taro has infringed at least one claim of the '875 patent by submitting or causing to be submitted ANDA No. 212211 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Taro's generic efinaconazole topical solution before the expiration of the '875 patent;

3. enter judgment that, under 35 U.S.C. § 271(e)(2), Taro has infringed at least one claim of the '601 patent by submitting or causing to be submitted ANDA No. 212211 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Taro's generic efinaconazole topical solution before the expiration of the '601 patent;

4. order that the effective date of any approval by the FDA of Taro's generic efinaconazole topical solution be a date that is not earlier than the expiration of the '640 patent, the '875 patent, and the '601 patent, or such later date as the Court may determine;

5. enjoin Taro from the commercial manufacture, use, import, offer for sale, and/or sale of Taro's generic efinaconazole topical solution until expiration of the '640 patent, the '875 patent, and the '601 patent, or such later date as the Court may determine;

6. enjoin Taro and all persons acting in concert with Taro from seeking, obtaining, or maintaining approval of Taro's ANDA No. 212211 until expiration of the '640 patent, the '875 patent, and the '601 patent;

7.      declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and

award Plaintiffs costs, expenses, and disbursements in this action, including reasonable attorney's

fees; and

8.      award Plaintiffs such further and additional relief as this Court deems just and

proper.

Dated: March 12, 2020                          Respectfully submitted,
       Newark, New Jersey

                                               s/ William P. Deni, Jr.
                                               William P. Deni, Jr.
                                               Charles H. Chevalier
                                               J. Brugh Lower
                                               **GIBBONS P.C.**
                                               One Gateway Center
                                               Newark, New Jersey 07102
                                               Tel: (973) 596-4500
                                               Fax: (973) 596-0545
                                               wdeni@gibbonslaw.com
                                               cchevalier@gibbonslaw.com
                                               jlower@gibbonslaw.com

                                               *Attorneys for Plaintiffs*

**Of Counsel:**
Thomas P. Steindler (*pro hac vice* to be submitted)
Nicole M. Jantzi (*pro hac vice* to be submitted)
Paul M. Schoenhard (*pro hac vice* to be submitted)
Ian B. Brooks (*pro hac vice* to be submitted)
Christopher M. Bruno (*pro hac vice* to be submitted)
**MCDERMOTT WILL & EMERY LLP**
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
(202) 756-8000

*Attorneys for Plaintiffs*
*Bausch Health US, LLC f/k/a Valeant*
*Pharmaceuticals North America LLC,*
*Bausch Health Ireland Limited f/k/a Valeant*
*Pharmaceuticals Ireland Ltd., and*
*Bausch Health Americas, Inc. f/k/a Valeant*
*Pharmaceuticals International*

13

John D. Livingstone (*pro hac vice* to be submitted)
Samhitha M. Medatia (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP**
271 17th Street, NW
Suite 1400
Atlanta, GA 30363-6209
(404) 653-6400

Naoki Yoshida (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP**
33rd Floor, Shiroyama Trust Tower
3-1, Toranomon 4-chome, Minato-ku
Tokyo, 105-6033 Japan
+81-3-3431-6943

Cora R. Holt (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP**
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

*Attorneys for Plaintiff
Kaken Pharmaceutical Co., Ltd.*

## <u>CERTIFICATION OF NON-ARBITRABILITY</u>
## <u>PURSUANT TO LOCAL CIVIL RULE 201.1(d)</u>

Pursuant to Local Civil Rule 201.1(d), the undersigned counsel hereby certifies that this

action seeks declaratory and injunctive relief and, therefore, is not subject to mandatory arbitration.

I hereby certify under penalty of perjury that the foregoing is true and correct.


Dated: March 12, 2020                  Respectfully submitted,
        Newark, New Jersey

                                    s/ William P. Deni, Jr.
                                    William P. Deni, Jr.
                                    **GIBBONS P.C.**
                                    One Gateway Center
                                    Newark, New Jersey 07102
                                    Tel: (973) 596-4500
                                    Fax: (973) 596-0545
                                    wdeni@gibbonslaw.com

                                    *Attorneys for Plaintiffs*

15